IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

2008 MAY 16 P 3: 21

U.S. DIST. COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: |
| ) | |
| 1. THE STATE OF OHIO; ) | |
| 2. THE HONORABLE TED STRICKLAND, ) | C2 08 0475 |
|    Governor of the State of Ohio, ) | |
| 3. THE OHIO DEPARTMENT OF YOUTH SERVICES; ) | |
| 4. THOMAS STICKRATH, Director ) | JUDGE MARBLEY |
|    of Ohio Youth Services; ) | |
| 5. THOMAS TEAGUE, Superintendent ) | |
|    of the Circleville Juvenile ) | |
|    Correctional Facility; ) | |
| 6. KATIE NEEDHAM, Superintendent ) | MAGISTRATE JUDGE ABEL |
|    of the Cuyahoga Hills Juvenile ) | |
|    Correctional Facility; ) | |
| 7. MARCI SUTHERLAND, Superintendent ) | |
|    of the Freedom Center; ) | |
| 8. BETH OPRISCH, Acting Superintendent ) | |
|    of the Indian River Juvenile ) | |
|    Correctional Facility; ) | |
| 9. DION NORMAN, Interim Superintendent ) | |
|    of the Marion Juvenile Correctional ) | |
|    Facility; ) | |
| 10. LARRY GONGWER, Acting Superintendent ) | |
|     of the Mohican Juvenile Correctional ) | |
|     Facility; ) | |
| 11. FRED NELSON, Superintendent ) | |
|     of the Ohio River Valley Juvenile ) | |
|     Correctional Facility; and ) | |
| 12. CHRIS MONEY, Superintendent ) | |
|     of the Scioto Juvenile Correctional ) | |
|     Facility, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

PLAINTIFF, THE UNITED STATES OF AMERICA ("Plaintiff"), by its undersigned attorneys, hereby alleges upon information and belief:

1. The Attorney General files this Complaint on behalf of the United States, pursuant to the pattern or practice provision of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, to enjoin the named Defendants from depriving youth confined in Circleville Juvenile Correctional Facility, Cuyahoga Hills Juvenile Correctional Facility, the Freedom Center, Indian River Juvenile Correctional Facility, Marion Juvenile Correctional Facility, Mohican Juvenile Correctional Facility, Ohio River Valley Juvenile Correctional Facility, and Scioto Juvenile Correctional Facility (collectively, the "Facilities") of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

### Jurisdiction, Standing, and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

3. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 14141.

4. Venue in the United States District Court for the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391.

**Defendants**

5.  Defendant State of Ohio ("State") is responsible for the administration of juvenile justice in the State and operates, or contracts for the operation of, all juvenile justice facilities in the State. This action concerns the administration of the Facilities, which house youth in State custody who are confined for periods of time established by juvenile county courts.

6.  Defendant Ted Strickland is the Governor of Ohio, and in this capacity heads the executive branch of Ohio's government. The Governor of Ohio, as chief of the executive branch, has the duty to ensure that the departments that compose the executive branch of Ohio government guarantee the federal constitutional and statutory rights of all of the citizens of Ohio, including the youth confined in the Facilities.

7.  Defendant the Ohio Department of Youth Services ("DYS") establishes the general policy to be followed by its juvenile institutions and contractors; provides leadership in developing programs to rehabilitate youth committed to State custody; and is responsible for the promulgation of all rules and regulations necessary and appropriate to the administration and operation of the Facilities.

8.  Defendant Thomas Stickrath is Director of the DYS and, in this capacity, exercises administrative control of, and responsibility for, the Facilities.

9. Defendant Thomas Teague is the Superintendent of the Circleville Juvenile Correctional Facility and is responsible for the administration and day-to-day operations of Circleville.

10. Defendant Katie Needham is the Superintendent of the Cuyahoga Hills Juvenile Correctional Facility and is responsible for the administration and day-to-day operations of the Cuyahoga Hills Juvenile Correctional Facility.

11. Defendant Marci Sutherland is the Superintendent of the Freedom Center and is responsible for the administration and day-to-day operations of the Freedom Center.

12. Defendant Beth Oprisch is the Acting Superintendent of the Indian River Juvenile Correctional Facility and is responsible for the administration and day-to-day operations of the Indian River Juvenile Correctional Facility.

13. Defendant Dion Norman is the Interim Superintendent of Marion Juvenile Correctional Facility and is responsible for the administration and day-to-day operations of the Marion Juvenile Correctional Facility.

14. Defendant Larry Gongwer is the Acting Superintendent of the Mohican Juvenile Correctional Facility and is responsible for the administration and day-to-day operations of the Mohican Juvenile Correctional Facility.

15. Defendant Fred Nelson is the Superintendent of the Ohio River Valley Juvenile Correctional Facility and is responsible

for the administration and day-to-day operations of the Ohio River Valley Juvenile Correctional Facility.

16. Defendant Chris Money is the Superintendent of the Scioto Juvenile Correctional Facility and is responsible for the administration and day-to-day operations of the Scioto Juvenile Correctional Facility.

17. The individual Defendants named in Paragraphs 6 and 8 through 16 above are officers of the State of Ohio and are sued in their official capacity only.

### Factual Allegations

18. Defendants are legally responsible, in whole or in part, for the operation of the Facilities and for the health and safety of the youth confined at the Facilities.

19. Defendants are governmental authorities with responsibility for the administration of juvenile justice or the incarceration of juveniles within the meaning of 42 U.S.C. § 14141.

20. Defendants are obligated to operate the Facilities in a manner that does not infringe upon the federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law, of individuals confined at the Facilities.

21. At all relevant times, Defendants have acted or failed to act, as alleged herein, under color of state law.

22. Defendants have engaged, and continue to engage, in a pattern or practice of failing to ensure that youth at the Facilities are adequately protected from harm and from undue risk of harm in the following specific respects, among others:

   a. protection from unwarranted uses of force;

   b. protection from the unwarranted use of seclusion; and

   c. access to a functional grievance system and adequate investigation and processing of grievances.

23. Defendants have engaged, and continue to engage, in a pattern or practice of failing to ensure that youth at the Facilities have their medical needs met in the following respects, among others:

   a. the identification of health problems and initial health assessments;

   b. the evaluation and treatment of sick residents;

   c. the provision of dental care;

   d. the provision services for those with chronic illnesses and disabilities;

   e. disease prevention and health promotion; and

   f. abuse reporting by medical professionals.

24. Defendants have engaged, and continue to engage, in a pattern or practice of failing to provide adequate mental health

care and rehabilitative treatment to youth at the Facilities in the following specific respects, among others:

    a.   the provision of adequate screening and assessments;

    b.   the provision of adequate treatment planning; and

    c.   the provision of adequate psychological services.

25. Defendants have engaged, and continue to engage, in a pattern or practice of failing to ensure that eligible youth with disabilities at the Facilities receive adequate special education services.

26. Defendants receive federal financial assistance and, as such, are subject to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder.

27. The youth residing at the Facilities include youth with mental illnesses and other disabilities who fall within the meaning of "children with disabilities" as defined in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401(3)(a)(1), and "individual[s] with a disability" as defined in Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20).

## Violations Alleged

28. The United States incorporates by reference the allegations set forth in Paragraphs 17 through 27 as if fully set forth herein.

29. The acts and omissions alleged in Paragraphs 22, 23, and 24 constitute a pattern or practice of conduct that violates the federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States, of youth confined at the Facilities.

30. Through the acts, practices, and omissions alleged in Paragraphs 25, 26, and 27, Defendants have engaged, and continue to engage in a pattern or practice of failing to comply with the IDEA, 20 U.S.C. §§ 1400-1482, and the regulations promulgated pursuant thereto, thereby depriving qualified youth of their rights under that Act and violating 42 U.S.C. § 14141(a).

31. Through the acts and omissions alleged in Paragraphs 25, 26, and 27, Defendants have engaged, and continue to engage, in a pattern or practice of failing to comply with Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq., and the regulations promulgated pursuant thereto, thereby depriving qualified youth of their rights under that Act and regulations and violating 42 U.S.C. § 14141(a).

32. Unless restrained by this Court, Defendants will continue to engage in the acts and omissions set forth in Paragraphs 22 through 25 that deprive youth confined at the

Facilities of rights, privileges, or immunities secured or protected by the Constitution of the United States and federal law, and will cause irreparable harm to these youth.

## PRAYER FOR RELIEF

33. The Attorney General is authorized, pursuant to 42 U.S.C. § 14141, to seek equitable and declaratory relief.

WHEREFORE, the United States prays that this Court enter an order:

a. Declaring that the acts, omissions, and practices of Defendants set forth in Paragraphs 22 through 25 above constitute a pattern or practice of conduct that deprives the Facilities' youth of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, and that those acts, omissions, and practices violate the Constitution and laws of the United States;

b. Permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in Paragraphs 22 through 25 above, and requiring Defendants to take such actions as will ensure that lawful conditions of confinement are afforded to youth at the Facilities; and

c. Granting such other and further equitable relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney
Southern District of Ohio
303 Marconi Boulevard
Suite 200
Columbus, OH  43215
(614) 469-5715

*[signature]*

MARK T. D'ALESSANDRO (0019877)
Assistant United States
 Attorney
Southern District of Ohio
303 Marconi Boulevard
Suite 200
Columbus, OH  43215
(614) 469-5715
(614) 469-5240
Mark.Dalessandro@usdoj.gov

GRACE CHUNG BECKER
Acting Assistant Attorney
General
Civil Rights Division

SHANETTA Y. CUTLAR
Chief
Special Litigation Section

BENJAMIN O. TAYLOE, JR.
Special Counsel
Special Litigation Section
GREGORY GONZALEZ
STACEY K. GRIGSBY
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
(202) 514-6255